**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **v.** | **NO: 25-0228** |
| **LARRY CASTON** | **SECTION: C (2)** |

**ORDER AND REASONS**

Before the court is a Motion to Suppress Evidence filed by defendant, Larry Caston, on September 24, 2026 (R. Doc. 49). The motion is **DENIED**.

## I. BACKGROUND

Caston was indicted on September 11, 2025 on two counts: 18 U.S.C. §§ 2252(a)(2) and 2252(b)(1) (receipt of visual depiction of minors engaged in sexually explicit conduct); and 18 U.S.C. §§ 2252(a)(4)(B) and 2252(b)(2) (possession of visual depiction of minors engaged in sexually explicit conduct).[1] Trial is set for December 7, 2026.[2] Pursuant to the Fourth Amendment of the U.S. Constitution, Caston moved to suppress data and information gathered from his cell phone.

Two confidential informants told St. Bernard Parish Sheriff deputies Caston was delivering drugs in St. Bernard Parish. An investigation was started. On October 1, 2024, Sgt. Scheuermann with the St. Bernard Parish Sheriff's Office

[1] R. Doc. 1.
[2] R. Doc. 47.

executed a traffic stop on Caston.[3] A protective sweep for weapons was executed. Drugs were found, along with two phones.

On October 8, 2024, state agents obtained a search warrant for the contents of the two phones. The warrant only referenced illegal narcotics and firearms activity. The search pursuant to the warrant revealed text messages between Caston and an underage person, which appeared to contain sexually explicit videos and photos. The texts occurred between March and September 2024.[4] Federal agents then sought a federal warrant to search one of the phones for evidence of explicit child sex material. That warrant was signed on November 26, 2024.

The government responds that the exclusionary rule should not apply because the evidence was seized pursuant to a valid warrant. Further, the government contends the officers acted in good faith, so the exclusionary rule should not apply.

## II. ANALYSIS

The issue presented is whether the March–September 2024 text messages, discovered during execution of the October 8, 2024 state warrant, must be excluded because that original warrant was directed only at narcotics and firearms.

The Fourth Amendment protects people from unreasonable searches and seizures of their persons, houses, papers, and effects. U.S. Const. amend. IV.

---

[3] To the extent Caston challenges the traffic stop, the court addressed that in *United States v. Caston*, No. 25-cr-0025, 2026 WL 969732, (E.D. La. Apr. 10, 2026), finding the stop and search constitutional. Caston was convicted of drug charges related to that stop on August 20, 2026.

[4] *Caston*, 2026 WL 969732, at *2.

Generally, police must obtain a warrant before conducting a search. *Kentucky v. King*, 563 U.S. 452, 459 (2011). Exceptions to the warrant requirement recognize that some circumstances can justify a warrantless search and seizure. *Illinois v. McArthur*, 531 U.S. 326, 330 (2001).

"The plain view doctrine will justify such a seizure if (1) the officers lawfully entered the area where the items could be plainly viewed; (2) the incriminating nature of the items was immediately apparent; and (3) the officers had a lawful right of access to the items." *United States v. Waldrop*, 404 F.3d 365, 368 (5th Cir. 2005) (citing *Horton v. California*, 496 U.S. 128, 136–37, (1990)). An example of the doctrine's application "is the situation in which the police have a warrant to search a given area for specified objects, and in the course of the search come across some other article of incriminating character." *Coolidge v. New Hampshire*, 403 U.S. 443, 465 (1971) (citations omitted); *see also United States v. Deschambault*, 176 F.4th 9, 20 (1st Cir. 2026) (holding that police officers executing a valid search warrant did not exceed the scope of that warrant despite the discovery of child pornography material on a cell phone when the target offense was drug trafficking).

Here, the October 8, 2024 state warrant authorized the search and seizure of "text messages" and "pictures" "contained within the hardware, the device SIM card or within cloud based storage accessible by the device".[5] While the warrant was

[5] R. Doc. 53-1 at 1.

directed at narcotics and firearms, there is no evidence or suggestion the officers knew the examination would reveal child pornography. While lawfully executing that warrant, the officers found potentially incriminating messages and images. The items were immediately apparent during the search. As a result, the plain view doctrine applies to the discovery of the March–September 2024 texts between Caston and the minor.

Further, under the Supreme Court's holding in *United States v. Leon*, evidence is not excluded if the officers relied on the warrant in good faith. *Id.* 468 U.S. 897, 922 (1984). There is no valid argument or evidence that the officers did not act in good faith when obtaining the October 8, 2024 and November 26, 2024 warrants.[6] The material found on Caston's phone is not excluded.

---

[6] *United States v. Morton*, 46 F.4th 331 (5th Cir. 2022) is persuasive. In *Morton*, the defendant was arrested after drugs were found in his vehicle. *Id.* at 333. Three cell phones were also seized. *Id.* Warrants were issued authorizing the search of the phones for evidence of drug crimes. *Id.* During that search, child pornography was found. *Id.* A second warrant was obtained to examine the phones for child pornography. *Id.* at 334. That examination revealed more images of child pornography. *Id.* Defendant moved to suppress the evidence arguing the good faith exception did not apply. *Id.*

The Fifth Circuit held the "officers relied in good faith on the warrants the state judge issued. On finding images that appeared to be child pornography, they went back to the judge for additional warrants (Morton does not challenge how the searches were conducted). We see no unreasonable law enforcement conduct that warrants suppression of the evidence the searches discovered." *Id.* at 339. The same sequence of events occurred here. When the officers unexpectedly found text and images suggesting child pornography on Caston's phone, they obtained a second federal warrant to search for child pornography. As in *Morton*, the search of the phone was reasonable. And, the officers here acted in good faith in executing the October 8, 2024 warrant.

## III. CONCLUSION

**IT IS ORDERED** that defendant's Motion to Suppress Evidence (R. Doc. 49) is **DENIED**.

New Orleans, Louisiana, this 23rd day of November 2026

WILLIAM J. CRAIN
UNITED STATES DISTRICT JUDGE